**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

JOE LOUIS BRANCH,

        **Plaintiff,**

    **v.**                                                      **ACTION NO. 2:05cv423**

UNITED STATES OF AMERICA,[1]

        **Defendant.**

## OPINION AND DISMISSAL ORDER

Plaintiff, a federal inmate, filed this pro se action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671.  Plaintiff alleges that officials at the Federal Correctional Institution ("FCI") at Petersburg, Virginia, denied him proper medical care by failing to maintain twenty-four hour on-site medical staffing.  Plaintiff claims to have suffered heart failure, mental anguish, emotional distress, pain and suffering, and other physical and medical injuries.

This matter is before the court on the motion of the United States to dismiss this action, pursuant to Rule 12(b)(1), for lack of subject matter jurisdiction.  For the reasons set forth herein, the United States' motion is **GRANTED.**

---

[1]The United States is the only remaining defendant in this action. See infra at Part I.

I.  Procedural History

By order entered January 5, 2006, the court dismissed plaintiff's <u>Bivens</u> claims as barred by the applicable statute of limitations.  Thus, the only remaining claim is plaintiff's FTCA claim.  The government has moved the court to add the United States and dismiss this action against all other defendants.  As the only proper defendant in an FTCA claim is the United States, the motion is **GRANTED**.  <u>See</u> 28 U.S.C. § 2679.  The Clerk is **DIRECTED** to add the United States of America ("United States") as a defendant to this action.  Defendants United States Federal Bureau of Prisons, Joseph M. Brooks, J. Allen, and Mendoza are **ORDERED DISMISSED**.[2]

On March 6, 2006, the United States filed a motion to dismiss this action for lack of subject matter jurisdiction.  In support of the motion to dismiss, the United States submitted the affidavit of Christina McKinney, the Health Services Administrator at FCI, along with three (3) attachments.  Plaintiff received notice in accordance with <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), of his right to respond to defendant's motion with any material he wished to submit in support of his response.  Plaintiff has responded with his own affidavit.  Accordingly, this motion is ripe for judicial determination.

---

[2]Defendant, "Officials of the Medical Services Department," was dismissed by the court's order of January 5, 2006.

2

## II.  Facts

Plaintiff is a federal prisoner currently incarcerated at the Federal Correctional Institution at Petersburg, Virginia. On May 3, 2003, at approximately 12:20 a.m., plaintiff informed a correctional officer that he was having chest pains and shortness of breath.  No medical staff were on-site at that time.[3]  FCI staff contacted the on-call physician, who advised staff to have plaintiff transported to the local hospital via ambulance.  At approximately 2:00 a.m., plaintiff was transported to the hospital, where he received treatment for his heart condition.

## III. Analysis

### A. Subject Matter Jurisdiction

The United States asserts that this court lacks jurisdiction over this action, based on the discretionary function exception to the limited waiver of sovereign immunity under the FTCA.  A federal court must have subject matter jurisdiction over a lawsuit in order for the court to have the power to award relief. First Am. Nat'l Bank v. Straight Creek Processing Co., 756 F. Supp. 945, 946 (E.D. Va. 1991).

A plaintiff who brings an action before a federal district court must allege in his pleading the facts necessary to show

---

[3]During the period of September 13, 2002, through August 31, 2003, the Health Services Department at FCI did not maintain on-site medical staff coverage during the hours from 10:00 p.m. through 6:00 a.m., pursuant to an emergency response plan approved by the Federal Bureau of Prisons.

subject matter jurisdiction.  McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936).  The proper procedure for analyzing whether the FTCA confers jurisdiction over an action is a motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  Williams v. United States, 50 F.3d 299, 304, (4th Cir. 1995).  In a motion to dismiss for lack of jurisdiction in a FTCA case, plaintiff bears the burden of showing subject matter jurisdiction.  Id.  Moreover, the court may consider facts and exhibits outside of the pleadings without converting the motion to dismiss into a motion for summary judgment.  Id.

B. Discretionary Function Exception to the FTCA

The United States is entitled to sovereign immunity, and cannot be sued without its consent.  FDIC v. Meyer, 510 U.S. 471, 475 (1994).  The court's jurisdiction is limited to the terms of the United States' consent to be sued.  Lehman v. Nakshian, 453 U.S. 156, 160 (1981).  The FTCA provides a limited waiver of sovereign immunity for torts committed by agents or employees of the United States acting within the scope of their employment.  Williams, 50 F.3d at 305.  As a waiver of immunity, the FTCA is to be "strictly construed, and all ambiguities [] resolved in favor of the sovereign."  Robb v. United States, 80 F.3d 884, 887 (4th Cir. 1996).

The FTCA contains a number of exceptions, including the discretionary function exception.  Hawes v. United States, 409 F.3d

213, 216 (4th Cir. 2005).  The discretionary function exception
excludes from FTCA's waiver of sovereign immunity:

> any claim based upon an act or omission of an employee of
> the Government, exercising due care, in the execution of
> a statute or regulation, whether or not such statute or
> regulation be valid, or based upon the exercise or
> performance or the failure to exercise or perform a
> discretionary function or duty on the part of a federal
> agency or an employee of the Government, whether or not
> the discretion involved be abused.

28 U.S.C. § 2680(a).  This exception is intended to protect the
United States from liability where its agents and employees are
engaged in decision-making that involves issues of public policy.
Williams, 50 F.3d at 308-09.  The exception does not apply if an
employee is not using discretion.  Id. at 309.  The discretionary
function exception is intended to "mark[] the boundary between
Congress' willingness to impose tort liability upon the United
States and its desire to protect certain governmental activities
from exposure to suit by private individuals." United States v.
S.A. Empresa De Viacao Aerea Rio Grandense (Varig Airlines), 467
U.S. 797, 808 (1984).  This boundary is necessary, because imposing
liability in situations where government employees are engaged in
discretionary functions would hamper efficient governmental
operations. Id. at 814.

    The Fourth Circuit has commented that while the purpose of the
discretionary exception is clear, "courts have encountered some
difficulty in applying its rather general terms to the myriad of
fact patterns that predictably present themselves. . . ." Hawes, 409

F.3d at 217 (internal citations omitted).  The Court in United States v. Gaubert, 499 U.S. 315 (1991), and Berkovitz v. United States, 486 U.S. 531 (1988), established a two-prong test to determine whether the discretionary function applies to a given set of facts.  First, the conduct at issue must involve an element of discretion, in other words, it must involve "judgement or choice." Williams, 50 F.3d at 309.  If a statute or regulation mandates a certain course of action, there is no element of discretion. Hawes, 409 F.3d 217.  Where an employee has no discretion, there can be no exception, "because 'the employee has no rightful option but to adhere to the directive.'"  Gaubert, 499 U.S. at 322 (quoting Berkovitz, 486 U.S. at 536.

If the court finds that an employee was using discretion, the court must then determine whether the decision was "based on considerations of public policy." Williams, 50 F.3d at 309.  If the employee's judgment "advances the purposes of a regulatory scheme that gives an employee such discretion," an action may not be maintained under the FTCA. Id.  In Gaubert, the Court found that the day-to-day decision-making at the operational level sometimes requires judgments that are within the ambit of the discretionary function exception for suits under the FTCA.  Gaubert, 499 U.S. at 325.  "Discretionary conduct is not confined to the policy or planning level. 'It is the nature of the conduct, rather than the status of the actor, that governs whether the discretionary

function exception applies in a given case.'" Id. (quoting Variq
Airlines, 467 U.S. at 813.

## C.  Application of Discretionary Function Exception

The Bureau of Prisons ("BOP") is statutorily required to
"provide suitable living quarters and provide for the safekeeping,
care, and subsistence of all persons charged with or convicted of
offenses against the United States." 18 U.S.C. § 4042(2).  This
statute imposes a general duty to care for persons held by the BOP,
but does not set forth any specific means of carrying out that
duty.  The BOP retains discretion as to how it will fulfill that
duty.  See Cohen v. United States, 151 F.3d. 1338, 1342 (11th Cir.
1998)(finding that § 4042 gives discretion to the BOP as to the
means to comply with the statute).

The BOP's Program Statement 6000.05, § 4, from the Health
Service Manual, states that "[m]edical care coverage shall be
available in every institution 24 hours a day." See Def.'s Attach.
1A.  However, Program Statement 6000.05 allows a warden to seek
approval from the BOP for a temporary schedule of less than twenty-
four (24) hour coverage. Id.  FCI requested and received approval
from the BOP for a temporary schedule of on-site medical coverage
from 10:00 p.m. through 6:00 a.m. for the period of September 13,
2002, through August 31, 2003. See Def.'s Attach. 1.

Program Statement 6000.05 appears to be mandatory, but it
provides for the exception of specifically granting wardens the

7

discretion to seek approval for a temporary exemption from the twenty-four hour on-site medical coverage requirement and gives the Regional Director of the BOP the discretion to approve a temporary exemption. See Def.'s Attach. 1A. In this case, it was exactly the discretion authorized by Program Statement 6000.05 that was exercised by BOP and FCI employees.

Finding that BOP officials were engaged in discretionary functions does not end the court's inquiry. The court must determine whether those judgments involved policy considerations. Id. at 324. Defendant has not proffered the exact reason that officials sought an exemption to the twenty-four (24) hour staffing requirement. However, in analyzing this issue, the court need not ascertain whether government employees actually engaged in public policy analysis, rather the court should "focus on the nature of the actions taken and on whether they are susceptible to policy analysis." Id. at 325. "'Public Policy,' as defined in this specific context, is defined as involving considerations of economic, social, or political policy." Hawes, 409 F.3d at 218. The Fourth Circuit has taken an expansive view of what constitutes public policy. See id. at 219 (reviewing Fourth Circuit case law on the issue of what constitutes public policy in the context of the discretionary function exception.)[4]

---

[4]Examples, in the Fourth Circuit, of judgments determined to be public policy decisions include: judgments regarding maintenance of bridges and guardrails, see Baum v. United States, 986 F.2d 716

In Gaubert, the Court noted that "[w]hen established governmental policy, as expressed or implied by statute, regulation, or agency guidelines, allows a Government agent to exercise discretion, it must be presumed that the agent's acts are grounded in policy when exercising that discretion." 499 U.S. at 324. In the case sub judice, the policy implications of staffing decisions and the allocation of FCI medical resources is obvious. Decisions regarding staffing and resource allocation have economic and social ramifications. Moreover, such decisions "advance[] the purposes of a regulatory scheme that gives an employee such discretion." Williams, 50 F.3d at 309. Program Statement 6000.05 specifically recognizes that "[i]nstitutions may have periodic staffing vacancies which prevent scheduling 24 hour coverage." See Def.'s Attach. 1A. In the event of staff shortages, the institution may apply for a temporary exemption. Id. However, approval is not automatic; institutions must "ensure satisfactory after-hours emergency care is available." Id. In granting the exemption to FCI, the BOP noted that all FCI staff were CPR trained and there existed an adequate emergency response plan for times when there would be no on-site medical personnel. See Def.'s

---

(4th Cir. 1993); judgments regarding decisions to shut down one escalator, leave another escalator unassembled, and a decision not to provide a warning regarding the situation, see Smith v. Wash. Metro Area Transit Auth., 290 F.3d 201 (4th Cir. 2002); and decisions regarding when to issue product safety alerts, see Patton Elec. Co. v. United States, 64 F. Supp. 2d 580 (E.D. Va 1999).

Attach. 1. Accordingly, the court **FINDS** that the judgments of the BOP officials in the case involved issues of public policy.

Plaintiff's defense to the discretionary function exemption is predicated on his argument that his constitutional rights were violated. Such argument is unavailing. Plaintiff's <u>Bivens</u> claim, where such an argument would be applicable, was dismissed based on the expiration of the statute of limitations by this court's order of January 5, 2006. Plaintiff also asserts that the decision to obtain an exemption was negligent. However, negligence is not a factor to be considered in determining whether the discretionary function applies. The exemption applies even when "the discretion involved be abused." 28 U.S.C. § 2680(a). Plaintiff has failed to establish that this court has jurisdiction under the FTCA over this action. Accordingly, this action is **DISMISSED** for lack of jurisdiction pursuant to Rule 12(b)(1).

Plaintiff is **ADVISED** that he may appeal from this Dismissal Order and the court's order of January 5, 2006, by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within sixty (60) days from the date of this Dismissal Order. If plaintiff wishes to proceed <u>in</u> <u>forma</u> <u>pauperis</u> on appeal, the application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> is to be submitted to the Clerk, United States Court of Appeals, Fourth Circuit, 1100 E. Main

10

Street, Richmond, Virginia 23219.

The Clerk is **DIRECTED** to send a copy of this Dismissal Order to plaintiff and counsel for defendants.


IT IS SO **ORDERED.**


                                    _____/s/_____
                                           Rebecca Beach Smith
Norfolk, Virginia

June 22, 2006